UNITED STATES of America, Plaintiff,

v.

Gregory LOVE, Defendant.

Nos. CR–80–0132 SAW, CR–80–0168 SAW
and C–82–6648 SAW.

United States District Court,
N.D. California.

Feb. 9, 1983.

the question of its applicability will not be

Gregory Love, in pro. per.

ORDER DENYING MOTION TO
ATTACK SENTENCE

WEIGEL, District Judge.

On May 5, 1980, defendant pled guilty to
one count of possession of stolen mail, 18

reached.

U.S.C. § 1708, and one count of bank robbery, 18 U.S.C. § 2113(a). The remaining counts of the stolen mail and bank robbery indictments were dismissed. On June 6, 1980, the Court sentenced defendant to five years on the stolen mail conviction and twelve years on the bank robbery conviction, the sentences to be served concurrently with each other and with the unrelated state sentence defendant was then serving. Defendant is currently serving his sentences in the Federal Correctional Institution at Lompoc, California.

On December 6, 1982, defendant filed this motion to attack sentence pursuant to 28 U.S.C. § 2255, claiming that the Bureau of Prisons (BOP) has failed to give him credit for presentence jail time "as required by law" and as allegedly promised in his plea bargain with the federal prosecutor. He claims that in exchange for his guilty pleas, the prosecutor promised him credit toward his federal sentences for 9 months and 21 days spent in state custody, representing the period from his arrest on August 16, 1979, to his sentencing on federal charges on June 6, 1980. Defendant has exhausted his administrative remedies and received partial relief from the warden at Lompoc, who granted defendant credit for the period from the date of his arrest, August 16, 1979, to the date prior to sentencing on state charges, November 12, 1979. The warden did so because defendant could not make bail on the state charges due to the federal detainer lodged against him. The warden refused to grant credit for the period from November 13, 1979, to June 6, 1980, because defendant was then serving a state sentence. Defendant appealed to the Regional Director of the BOP in Burlingame, who denied further relief. Defendant seeks enforcement of the alleged plea agreement or,

in the alternative, withdrawal of his guilty pleas for lack of voluntariness. Defendant also moves for leave to proceed *in forma pauperis*.

Defendant's motion for leave to proceed *in forma pauperis* should be granted. His affidavit discloses that he satisfies the requirements of 28 U.S.C. § 1915.

## I. THE APPLICABILITY OF 28 U.S.C. § 2255 TO DEFENDANT'S CLAIM

■ Defendant properly brings this motion pursuant to 28 U.S.C. § 2255. To the extent defendant challenges his guilty pleas, his claim is within the purview of § 2255. To the extent defendant attacks the execution of sentence rather than the imposition, he appears to state a claim under 28 U.S.C. § 2241.[1] *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980). Nevertheless, defendant's claim to presentence jail credit is cognizable under § 2255. *McIntyre v. United States,* 508 F.2d 403, 403 n. 1 (8th Cir.), *cert. denied,* 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 673 (1975); *Outlaw v. Connett,* 460 F.2d 1257 (5th Cir. 1972); *cf. Soyka v. Alldredge,* 481 F.2d 303, 304 (3d Cir.1973).

## II. DEFENDANT'S CHALLENGE TO HIS GUILTY PLEAS

■ The record of defendant's plea hearing reveals that the Court asked defendant and counsel about the terms of the plea bargain. The Court was informed the terms were that, in exchange for a guilty plea to Count One of the bank robbery indictment, Counts Two and Three would be dismissed. In exchange for a guilty plea to Count Six of the stolen mail indictment, the remaining nine counts would be dismissed. When asked whether any other

---

1. Even if defendant's motion were construed as a § 2241 petition, this Court would not lose jurisdiction. A § 2241 petition must be addressed to the district court having jurisdiction over the prisoner or his custodian. *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980). Although this Court does not have jurisdiction over defendant, who is in custody in the Central District of California, it does have jurisdiction over the Regional Director of the BOP in

Burlingame, California. The Regional Director is one of defendant's "custodians," and was the last BOP official to deny defendant's request for administrative relief. *See McCoy v. United States Bd. of Parole,* 537 F.2d 962, 965 (8th Cir.1976) (parole board was prisoner's custodian for purpose of attack on parole denial, and presence of regional office of parole board sufficient to establish jurisdiction under § 2241).

promises had been made, defendant replied in the negative. A defendant is bound by his statement during plea proceedings that no other promises have been made to him in exchange for his guilty plea, absent a believable reason justifying departure from the statement's apparent truth. *United States v. Bambulas,* 571 F.2d 525, 526 (10th Cir.1978), *cited with approval in United States v. DeFilippis,* 637 F.2d 1370, 1375 (9th Cir.1981). Defendant has not met this burden; therefore, he will not be allowed to withdraw his pleas for lack of voluntariness, nor will the Court enforce the alleged plea bargain.

### III. DEFENDANT'S CLAIM TO PRE-SENTENCE JAIL CREDIT

Defendant asserts that, regardless of the validity of the alleged plea bargain, he is entitled to credit for time spent in state custody prior to state sentencing, from August 16, 1979, to November 12, 1979, because he was unable to make bail on either state or federal charges during this period. Since the warden at Lompoc has credited defendant for this period, this claim is moot.

Defendant also claims he is entitled to credit for the period from November 13, 1979, the date he began his state sentence, to June 6, 1980, the date he began his federal sentences, because he was unable to make bail on the federal charges. This argument lacks merit because defendant was serving his state sentence during this period, and thus would not have been released had he been able to make his federal bail. Further, a grant of credit by this Court for the portion of that period spent in state custody, from November 13, 1979, to April 16, 1980, would conflict with the Attorney General's authority under 18 U.S.C. §§ 4082(a) & (b) to designate the place of confinement of federal prisoners and would effectively begin defendant's sentences before he was delivered into federal custody, in violation of 18 U.S.C. § 3568. *United States v. Warren,* 610 F.2d 680, 685 (9th Cir.1980). Although defendant was in federal custody on a writ of habeas corpus ad

prosequendum from April 17, 1980, to June 6, 1980, he continued to serve his state sentence during that period and hence is not entitled to credit. A grant of credit toward his federal sentences would result in double credit for this period. *United States ex rel. Derengowski v. United States Attorney Gen.,* 457 F.2d 812 (8th Cir.1972); *Vignera v. Attorney Gen. of the United States,* 455 F.2d 637 (5th Cir.1972); *Jefferson v. United States,* 389 F.2d 385 (2d Cir.1968).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for leave to proceed *in forma pauperis* is granted.

IT IS FURTHER HEREBY ORDERED that defendant's motion to attack sentence is denied.