STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael John GAVIGAN, Defendant-Appellant.†

Court of Appeals

*No. 84–599–CR. Submitted on briefs November 7, 1984.—*
*Decided December 10, 1984.*
(Also reported in 362 N.W.2d 162.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Barry M. Levenson,* assistant attorney general of counsel, of Madison.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

MOSER, J.  Michael John Gavigan (Gavigan) appeals the denial of his motion for postconviction relief in which he sought 107 days credit against his three-year sentence for robbery.  Because sec. 973.155, Stats., does not entitle Gavigan to credit, we affirm the trial court's order.

Gavigan stole $1,500 from a Milwaukee bowling alley on September 15, 1982.  On September 16, roughly twenty-four hours after the robbery, Gavigan led police officers on a high-speed chase and ultimately he was arrested and charged with fleeing an officer.  On September 17, he was charged with the robbery of the bowling alley.  Gavigan was unable to post $10,000 bail; therefore, he remained in jail.  On October 24, 1982, thirty-nine days after his arrest, he pleaded guilty to the misdemeanor charge of fleeing an officer and was sentenced to six months imprisonment.

Gavigan was later tried for robbery.  In a motion *in limine* before trial, Gavigan successfully argued that

evidence of his flight from the police should be excluded. The trial court found that his flight from the officers was unrelated to the charge of robbery and excluded any reference to Gavigan's flight twenty-four hours after the robbery. He was convicted of robbery and was sentenced on February 9, 1983, to three years imprisonment. The three-year sentence for robbery was made concurrent to the six-month sentence for the misdemeanor. The trial court gave him credit for the thirty-nine days served between the time of his arrest and his guilty plea to the misdemeanor. In a posttrial motion Gavigan argued that under sec. 973.155, Stats., he should be credited an additional 107 days representing the time served between October 24, 1982, when he pleaded guilty to the misdemeanor, and February 9, 1983, when he was found guilty of robbery. The trial court denied Gavigan's motion holding that the 107 days were served because of Gavigan's misdemeanor conviction, not because of his inability to make bail.

Section 973.155, Stats., says in pertinent part: "Sentence credit. (1) (a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."

This section requires two determinations: First, whether the offender was "in custody;" and second, whether the custody was "in connection with the course of conduct for which sentence was imposed." It is undisputed that Gavigan was at all times "in custody." The only question is whether the 107 days were served "in connection with the course of conduct for which sentence was imposed [robbery]."

The construction of a statute is a question of law which this court may review independently.[1] Our initial in-

---

[1] *In Interest of I.V.*, 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982).

quiry is whether the statutory language is clear or ambiguous. A statute is ambiguous if it is capable of being construed in different ways by reasonable, well-informed people.[2] In construing a statute, first recourse is to the language of the statute itself.[3] It is only when a word or phrase used in a statute is not specifically defined that common and approved usage of such a word or phrase and other accepted rules of statutory construction apply.[4] With the above principles in mind, we conclude that the phrase, "in connection with the course of conduct for which sentence was imposed," is ambiguous.

Section 973.155, Stats., was created by ch. 353, Laws of 1977. This section established an entitlement to sentence credit that was broader than prior case law[5] and was intended to extend credit for all days spent in custody in connection with the course of conduct for which sentence was imposed. Previously, the granting of sentence credit depended on a number of factors including the offender's ability or inability to post bail and the type of institution where the time was served. Our supreme court recommended to the legislature that a simpler, more equitable system be enacted based on the federal system.[6] Within a short time, sec. 973.155 was enacted and it is similar to the federal statute.[7]

---

[2] *Id.* at 409, 326 N.W.2d at 128–29.

[3] *Bitters v. Milcut, Inc.,* 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983).

[4] *Sullivan Bros., Inc. v State Bank of Union Grove,* 107 Wis 2d 641, 646, 321 N.W.2d 545, 547 (Ct. App. 1982).

[5] *Compare State v. Gilbert,* 115 Wis. 2d 371, 380, 340 N.W.2d 511, 516 (1983) (mandates sentence credit for custody imposed as a condition of probation) *with State v. Wills,* 69 Wis. 2d 489, 498–99, 230 N.W.2d 827, 832 (1975) (holding *contra*).

[6] *Klimas v. State,* 75 Wis. 2d 244, 251–52, 249 N.W.2d 285, 288–89 (1977).

[7] *See* 18 U.S.C. § 3568 (1982) (credit given for custody in connection with the offense or acts for which sentence was imposed).

Gavigan argues that Wis JI—Criminal SM34A, which interprets sec. 973.155, Stats., requires a sentence credit of 107 days. The criminal jury instructions committee's analysis of this section is persuasive authority.[8]

The committee interprets sec. 973.155, Stats., liberally. The committee notes that the broad phrase "course of conduct" was used in the section instead of narrower words like "offense" or "crime." The committee also defines "in connection with" as meaning that the custody must be, at *least in part,* the result of the course of conduct for which sentence was imposed.[9]

Gavigan argues that after October 24, he was in custody partially because of his failure to make bail on the robbery charge and partially because of his misdemeanor conviction; therefore, his custody was "in connection with" a course of conduct (robbery) for which sentence was imposed. He also argues that the robbery and fleeing charges are closely related enough to constitute a "course of conduct." We disagree with both arguments.

In general, an offender is not entitled to sentence credit under sec. 973.155, Stats., for custody that is being served in satisfaction of another unrelated criminal sentence.[10] If the charges are related, however, sentence credit should be allowed. The jury instructions committee defines charges as related "if they were pending at the same time, if they arise from the same course of conduct, or if a criminal charge in one case was the basis for revocation of probation or parole in the other."[11]

In this case, the robbery and fleeing charges were pending at the same time for a total of thirty-nine days. The trial court credited Gavigan with those thirty-nine

---

[8] *Gilbert, supra* note 5, at 379, 340 N.W.2d at 515.

[9] Wis J I—Criminal SM34A at 7.

[10] *Id.* at 13.

[11] *Id.* at 14.

days. Once Gavigan pleaded guilty to and was sentenced on the fleeing charge, he was in custody solely for his conviction on that misdemeanor and not, as he argues, partly because of his failure to make bail on the robbery charge. When he began serving the misdemeanor sentence on October 24, Gavigan no longer was eligible to be released on bail for the robbery charge. Thus, we reject his argument that after October 24 his custody was "in connection with" the robbery charge because the custody was not due to his failure to make bail on the robbery charge, but was attributable solely to his misdemeanor conviction. Federal court cases dealing with similar facts and construing a similar statute have reached the same result.[12]

Gavigan also argues that the robbery and fleeing charges constituted a "course of conduct" for which he was sentenced. He argues that the robbery and fleeing charges were closely related. This position directly conflicts with the stance taken by Gavigan in the above-mentioned motion *in limine*. Before the robbery trial, the defense moved to exclude evidence of Gavigan's flight from the police which might be introduced to show consciousness of guilt. The defense argued that the robbery and fleeing were unrelated incidents. The defense argued as follows: "He did not flee immediately after the commission of the crime in this case, and he did not flee after being accused of the crime that had been committed. The flight occurred 24 hours after the offense." The trial court agreed that evidence of Gavigan's flight from police should be excluded from the robbery trial.

Gavigan cannot now be heard to argue that the charges were related when he argued before trial that the charges were unrelated. The same rationale that worked for

[12] *See Shelvy v. Whitfield,* 718 F.2d 441 (D.C. Cir. 1983); *United States v. Love,* 555 F. Supp. 1041 (N.D. Cal. 1983).

Gavigan in the motion *in limine* now works against him in his request for sentencing credit.

He was not charged with fleeing in connection with his leaving the robbery scene. The fleeing charge arose from a separate and unrelated incident which occurred twenty-four hours after the robbery. Even assuming, *arguendo,* that Gavigan did not previously argue that the charges were unrelated, the facts indicate that his custody after October 24 was not in connection with a course of conduct for which sentence was imposed. Section 973.155, Stats., was intended to be interpreted liberally, but granting sentence credit to Gavigan for time served on an unrelated charge would result in an absurd interpretation of the section. We hold that the trial court did not err in denying Gavigan's motion for 107 days sentence credit.

*By the Court.*—Order affirmed.