STATE of Wisconsin, Plaintiff-Respondent,

v.

Raymond Scott BOETTCHER, Defendant-Appellant.†

Court of Appeals

*No. 86–1636–CR. Submitted on briefs March 11, 1987.—Decided March 25, 1987.*

(Also reported in 405 N.W.2d 767.)

† Petition to review filed. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the brief of *Paul M. Cornett,* of Little Chute.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Bruce A. Craig,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Raymond Scott Boettcher appeals from a judgment of conviction for the unlawful possession of a firearm by a convicted felon pursuant to sec. 941.29(1)(a) and (2), Stats.[1] Upon appeal,

---

[1]The judgment of conviction recites only sec. 941.29(1)(a), Stats., as the statute upon which the conviction is premised. This is not a complete recitation of the true offense of which Boettcher was convicted. Subsection (2) of the statute is a necessary ingredient of the offense since it is this portion of the statute which contains the language relative to the possession of a firearm. The modification of the judgment ordered herein should also include this addition.

Boettcher contends that the trial court erred in failing to allow any presentence confinement credit against his one-year prison sentence. We conclude the trial court was correct in disallowing any presentence confinement credit for the period of time following Boettcher's being admitted to bail on a signature bond. We conclude, however, that Boettcher is entitled to credit for the confinement period following his arrest to the date of his being admitted to bail on the signature bond. We modify the judgment in this limited respect and otherwise affirm.

Boettcher was originally convicted of burglary on July 13, 1984. He was sentenced to three years' imprisonment. However, execution of the sentence was stayed, and Boettcher was placed on probation for a period of three years.

On April 12, 1986, Boettcher was arrested on the charge in this case—the unlawful possession of a firearm. On the same day, because of his arrest in this case, a probation hold was placed against Boettcher. Probation revocation proceedings were commenced.

On April 18, a criminal complaint was issued charging Boettcher with illegally possessing a firearm as a convicted felon. Boettcher made his initial appearance on this charge on April 22. At that time, Boettcher was admitted to bail on a signature bond. He remained in custody, however, due to the probation hold in the burglary case. Thereafter, Boettcher's probation was revoked. The revocation order granted Boettcher 110 days' presentence confinement credit against the three-year sentence previously imposed and stayed in the burglary case. This credit represents the time period between Boettcher's arrest and probation hold on April 12 and the date of the probation revocation.

On July 23, 1986, the sentencing in this case occurred. Boettcher was sentenced to one year in the state prisons with the sentence to run consecutive to the three-year term imposed in the burglary case. The trial court denied Boettcher's request for the same 110 days' credit against this sentence.[2] Boettcher appeals.

As to the period of time following his simultaneous probation revocation and commencement of the sentence on the burglary conviction, this case is controlled by *State v. Beets,* 124 Wis. 2d 372, 369 N.W.2d 382 (1985). Indeed, the facts of *Beets* are very similar to those here. Beets had been placed on probation for drug-related offenses in an earlier case. While on probation, Beets was arrested and charged with burglary which resulted in a probation hold. Beets' probation was revoked and presentence confinement credit on the drug convictions from the date of the burglary arrest to the date of sentencing was granted. Thereafter, Beets was sentenced on the burglary charge. The trial court granted credit for the same period of time as that in the drug/probation case—from the period of Beets' burglary arrest to the date of the sentencing in the probation case. The trial court, however, denied credit for the period of time following the sentencing in the drug/probation case. Beets appealed.

The supreme court upheld the denial of credit for the period of incarceration following the sentencing on the drug/probation case, essentially adopting the court of appeals' reasoning in an earlier case, *State v. Gavigan,* 122 Wis. 2d 389, 362 N.W.2d 162 (Ct. App. 1984):

---

[2]At the time of the sentencing in this case, Boettcher's appeal of his revocation in the burglary case was still pending.

Accordingly, any days spent in confinement after the revocation of probation and the imposition of sentence arise out of, and are connected not with the burglary, but with the unrelated conduct which resulted in the drug convictions more than a year earlier. Thus, the offenses are not connected.

. . . .

... The court of appeals correctly disposed of the claim for credit for this period by simply holding that any connection which might have existed between custody for the drug offenses and the burglary was severed when the custody resulting from the probation hold was converted into a revocation and sentence.

*Beets,* 124 Wis. 2d at 378, 379, 369 N.W.2d at 385.

Therefore, as to the period of confinement following Boettcher's simultaneous revocation of probation and commencement of the imposed and stayed sentence on the burglary charge, the trial court correctly denied credit.

As to whether Boettcher is entitled to any credit for the period of time following the arrest/probation hold and prior to the probation revocation, we note that this is the question which the supreme court left unanswered in *Beets. Id.* at 378 n. 5, 369 N.W.2d at 385.[3]

This requires us to construe sec. 973.155, Stats. The construction of a statute is a question of law which this court may review independently. *Gavigan,*

---

[3]In *Beets,* the trial court granted dual credit for the period of time between the arrest/probation hold and the revocation of probation.

122 Wis. 2d at 391, 362 N.W.2d at 164. Our initial inquiry is whether the statutory language is clear or ambiguous; a statute is ambiguous if it is capable of being construed in different ways by reasonable, well-informed people. *Id.* at 391–92, 362 N.W.2d at 164. In construing a statute, our first recourse is to the language of the statute itself; it is only when a word or phrase used in a statute is not specifically defined that common and approved usage of such a word or phrase and other accepted rules of statutory construction apply. *Id.* at 392, 362 N.W.2d at 164.

The statute provides that credit is to be given "for all days spent in custody in connection with the course of conduct for which sentence was imposed." *See* sec. 973.155(1), Stats. *Gavigan* concluded that the statute was ambiguous when custody on a charged offense "overlapped" with that relating to the service of a sentence. We similarly conclude that the statute is ambiguous when custody on a charged offense "overlaps" with that relating to a probation hold.

We do not see the filing of a probation hold as impacting on credit consideration in the fashion which a probation revocation does. A probation hold, while serving to deprive the accused of liberty, does not mandate that a sentence will result or that the custody will endure. A hold is simply a temporary termination of the conditional liberty of a probationer which assures the department of the availability of the offender while further consideration of his fate is made. Revocation may or may not be sought. Release may or may not be forthcoming.

As the supreme court noted in *Beets,* the simultaneous existence of custody occasioned by an arrest and a probation hold is a "temporal connection" during which the two cases are related based upon "the

*causes* of the initial confinement." *Beets,* 124 Wis. 2d at 378, 369 N.W.2d at 385 (emphasis added).

This language in *Beets,* while not dispositive of the issue here, signals that the supreme court sees some continuing linkage between an accused's custody and his arrest despite the existence of a concurrent probation hold. Accordingly, we do not see the existence of the probation hold as "severing" the custodial impact of the arrest and resultant confinement in the fashion that the ensuing sentencings did in *Beets* and *Gavigan.* Therefore, given the tentative nature of a probation hold and the language of *Beets,* we conclude that the existence of concurrent custody premised upon both an arrest and a probation hold does not defeat Boettcher's claim for credit as to this portion of his presentence confinement.

The remaining question is at what point does such concurrent custody end so that the credit can be computed? We conclude it is at that point in time when the trial court admitted Boettcher to bail on a signature bond. No further impediments to Boettcher's freedom existed *on the charged offense* after this point in time. Boettcher's custody was no longer premised on the charged offense. It endured only with respect to the probation case by virtue of the hold. Just as we have held that custody on a charged offense commences when bail precludes liberty, *see State v. Demars,* 119 Wis. 2d 19, 26, 349 N.W.2d 708, 712 (Ct. App. 1984), so also do we now hold that custody on a charged offense terminates when bail does not thwart liberty.

■

Therefore, we conclude that Boettcher is entitled to ten days' credit for the period of time from his

arrest to his being admitted to bail on a signature bond.

We appreciate that the Wisconsin Criminal Jury Instructions Committee in its comments to Wis J I— Criminal SM-34A concludes that credit should not be awarded twice in situations involving consecutive sentences. This committee performs invaluable service for the criminal bench and bar, and its comments represent persuasive authority to us. *Gavigan,* 122 Wis. 2d at 393, 362 N.W.2d at 164. However, for the reasons stated above, we respectfully disagree with the committee's conclusion that dual credit is not permitted. Moreover, we note that the statute does not forbid dual credit. Had the legislature so intended, it would have been a simple matter for it to so state. We conclude that our interpretation, based upon the language of the statute itself and upon the *Beets* and *Gavigan* approach in other situations, is the correct and intended construction.

We have previously noted the complexity and confusion sometimes presented by sentence credit computation. *Demars,* 119 Wis. 2d at 27, 349 N.W.2d at 712. We have striven, to the extent the ambiguity of the statute allows, to fix rules which serve to clarify this process. In "overlap" cases where presentence confinement results from both arrest on the charged offense and a probation hold, a rule mandating the granting of credit for the period of time that such custody is concurrent is not only correct under the statute but is also a rule which is easily applied by the trial courts.

To the extent the judgment of the circuit court denied presentence confinement credit after Boettcher was admitted to bail on a signature bond, we affirm. To the extent that the judgment denied Boettcher

credit from the date of the arrest and probation hold to the date of being admitted to bail on a signature bond, we direct that, upon remittitur, the judgment be modified to reflect these ten days of credit.

*By the Court.*—Judgment modified and as modified, affirmed.