958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tyrone HAYNES, Petitioner-Appellant,
v.
Gary McCAUGHTRY, Respondent-Appellee.
 No. 90-2880.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.[1]
Decided March 24, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Tyrone Haynes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Haynes' petition. We affirm for the reasons stated in the district court order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 2
 Tyrone Haynes, Petitioner,
 
 
 3
 v.
 
 
 4
 Gary McCaughtry, Respondent.
 
 Civil Action No. 89-C-1393
 
 5
 July 9, 1990.
 
 ORDER
 
 6
 Tyrone Haynes has filed a petition for a writ of habeas corpus, alleging numerous grounds. The state opposes the petition, arguing that Mr. Haynes has forfeited his right to federal habeas corpus review by his failure to submit a comprehensible brief to the Wisconsin Court of Appeals, which resulted in his appeal being dismissed. In the alternative, it argues that Mr. Haynes' petition has no merit. Mr. Haynes had until May 25, 1990, to file a reply brief. To date he has not done so.
 
 
 7
 Mr. Haynes was convicted of burglary in Kenosha County on June 21, 1988. He was sentenced as a repeater, to 90 months in prison. In late 1988 Mr. Haynes submitted, pro se, a "Motion Brief of Appeal" to the Wisconsin Court of Appeals. The court construed that document as a postconviction motion and transferred it to the Kenosha County circuit court. Judge Paul F. Wokwicz denied the motion in a written decision, dated April 6, court of appeals, and thereby forfeited his right to federal habeas review. I decline to decide Mr. Haynes' petition on that basis, and will reach the merits of the petition.
 
 
 8
 The state correctly notes that the court of appeals gave Mr. Haynes several chances to submit a brief. The state is also correct that Mr. Haynes was able to submit a document in this court which detailed his challenges to his conviction.
 
 
 9
 However, Mr. Haynes was proceeding pro se in state court, as he is here. The court of appeals refused to construe as briefs three different documents Mr. Haynes submitted. The documents are not included in the record, so I have no way of assessing how liberally the court of appeals construed the submissions of this pro se litigant. In the absence of that documentation, it seems fair to give Mr. Haynes' grievances consideration on their merits.
 
 
 10
 I am afraid that is the only good news for Mr. Haynes, however. His allegations do not merit the issuance of a writ of habeas corpus.
 
 
 11
 First, Mr. Haynes alleges that his due process rights were violated by the state's failure to bring him before a judge until 16 days after his arrest for the burglary for which he was convicted. However, his own documentation indicates that he was detained pursuant to a parole hold. His parole was subsequently revoked. The state was entitled to hold Mr. Haynes until his revocation hearing. Additionally, there is no indication that Mr. Haynes was prejudiced by the delay of his initial appearance on the burglary charge. Thus, no constitutional violation occurred.
 
 
 12
 Mr. Haynes mext alleges that his due process rights were violated because the state transported him to Kenosha County for his trial pursuant to an unsworn and unsigned writ of habeas corpus. While true, such a technical defect does not rise to the level of a constitutional violation where there is no indication that he should not have been transported for his trial or that his case was prejudiced by the lack of a properly executed writ. There is no allegation of either.
 
 
 13
 Third, Mr. Haynes alleges that his due process rights were violated because Court Commissioner Frank J. Parise, who presised at his initial appearance and probable cause hearing, is a former assistant district attorney, who formerly prosecuted Mr. Haynes on an unrelated matter. He argues that Court Commissioner Parise should have recused himself from hearing Mr. Haynes' case. Mr. Haynes does not allege, however, that the court commissioner treated him unfairly or that he suffered any prejudice as a result of being brought before him rather than another court commissioner.
 
 
 14
 After a review of the transcripts, I can find no indication that Mr. Haynes suffered any prejudice as a result of court Commissioner Parise's having presided over his initial appearance and probable case hearing. Both appeared to be fair and impartial. More important, Mr. Haynes cannot make out a due process violation when a different judge, William U. Zievers, found him guilty beyond a reasonable doubt, a much higher standard than that applied by Court Commissioner Parise in finding probable cause.
 
 
 15
 Fourth, Mr. Haynes challenges his sentence, alleging that he was not credited with jail credit for the time he spent waiting for trial and that the judge abused his sentencing discretion. However, as noted previously, Mr. Haynes was in jail as a result of a parole revocation. Judge Zievers gave Mr. Haynes presentence credit for the time from his arrest until his parole was revoked. That was all of the credit to which Mr. Haynes was entitled. State v. Boettcher, 138 Wis.2d 292, 405 N.W.2d 767 (1987).
 
 
 16
 Similarly, Mr. Haynes' allegation that Judge Zievers abused his sentencing discretion has no merit. Judges in Wisconsin have wide discretion in sentencing defendants. Judge Zievers stated his reasons for the sentence on the record. He ordered that Mr. Haynes' burglary sentence be served consecutive to any other sentence. The judge acted well within his discretion.
 
 
 17
 Fifth, Mr. Haynes alleges that he did not receive the transcripts from the trial (apparently in a timely manner), and that the transcripts contain fraudulent alterations. Mr. Haynes obviously did receive the transcripts and there is no indication that any delay in receiving them prejudiced him. the court of appeals found that there was no indication of alteration and denied his motion to correct the record. Court transcripts are presumed correct, and Mr. Haynes' unsupported assertion cannot overcome that presumption. Mr. Haynes' allegations regarding transcripts are without merit.
 
 
 18
 Next, Mr. Haynes apparently objects to his conviction because he alleges that he was intoxicated at the time of the offense. He argues that the state should have proceeded against him under Wis. Stat. § 51.45(1). That section merely states that alcoholics should not be prosecuted for their consumption of alcohol. Mr. Haynes was prosecuted for burglary. Similarly, Mr. Haynes' assertion that he could not be convicted of burglary in absence of fingerprints or an eye witness is without basis in the law.
 
 
 19
 Mr. Haynes claims that the circuit court lost jurisdiction over his postconviction motion when it did not rule on it within 60 days of filing. the judge, in his April 6, 1989, order, recognized that he had not decided the motion within 60 days; however, he entered a written order from which Mr. Haynes could appeal.
 
 
 20
 The problem with Mr. Haynes' argument is that Wis. Stat. § 809.30(2)(i) states that a motion not decided within 60 days is deemed denied. Mr. Haynes is not helped by his allegation.
 
 
 21
 In short, Mr. Haynes' constitutional rights have not been violated. His petition for a writ of habeas corpus is DENIED.
 
 
 22
 SO ORDERED at Milwaukee, Wisconsin, this 9 day of July, 1990.
 
 BY THE COURT:
 
 23
 /s/TERENCE T. EVANS
 
 UNITED STATES DISTRICT JUDGE