STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas W. JACKSON, Defendant-Appellant.

Court of Appeals

*Nos. 99–1161–CR, 99–1162–CR. Submitted on briefs December 17, 1999.—Decided January 26, 2000.*

## 2000 WI App 41

(Also reported in 607 N.W.2d 338.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martha K. Askins,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Warren D. Weinstein,* assistant attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1.   NETTESHEIM, J.   This is a sentence credit case. Thomas W. Jackson appeals from the sentencing provisions of two judgments of conviction and from postconviction orders in each case that reduced the amount of sentence credit awarded in the original judgments. The orders also rejected Jackson's claim for additional sentence credit. We modify the judgments of conviction and the postconviction orders to reflect the correct amount of sentence credit. As modified, we affirm the judgments and the orders.

### *Facts and Procedural History*

¶ 2.   Jackson's criminal record and history of confinement are lengthy and involved. As a result, the computation of his sentence credit proves very complicated. Fortunately, Assistant Attorney General, Warren Weinstein, who represents the State in this appeal, has unraveled the tangled web of Jackson's confinement history. As a result of these efforts, the issue in this case has been significantly narrowed. We thank and commend Weinstein for his efforts.

¶ 3. On January 24, 1996, Jackson was arrested in Dodge county on two charges of burglary allegedly committed in Fond du Lac county. At the same time, Jackson was also detained on a probation hold relating to prior Dodge county convictions. Eventually, Jackson's probation was revoked. On April 3, 1996, Jackson was sentenced on the Dodge county convictions and he received 70 days of sentence credit, measured from January 24, the date the probation hold was placed against him.[1]

¶ 4. That brings us to the sentences in this case. On March 6, 1997, Jackson pled no contest to the burglary charges in the Fond du Lac county circuit court. The court withheld sentence on both counts and placed Jackson on concurrent five-year periods of probation. Both judgments recited a sentence credit of 458 days. Later, on motion of the State, the trial court reduced this credit to 162 days.

¶ 5. Later, Jackson's probation on the Fond du Lac burglary convictions was revoked, and he was returned to the circuit court for sentencing. On April 13, 1998, the circuit court imposed a three-year prison sentence on one of the convictions and a consecutive two-year sentence on the other. At the sentencing hearing, the parties again debated the correct amount of sentence credit. Jackson asked for credit of 288 days on one conviction and 584 days on the other. The court granted the State's request for an adjournment to allow it to review Jackson's confinement history. Later, the State provided the trial court with a letter that computed Jackson's sentence credit at 277 days. The trial

---

[1] Actually, Jackson received credit for 69, not 70, days on the Dodge county sentences. However, both Jackson and the State agree that the correct amount of credit against Jackson's Dodge county sentences should have been 70 days.

court adopted this computation and granted Jackson sentence credit of 277 days on one of the sentences. The court denied sentence credit on the other consecutive sentence.

¶ 6. However, the sentence credit issue continued to fester. Postconviction, the State again contacted the trial court and advised that further investigation had revealed that Jackson was entitled to only 175 days of credit. Jackson objected. In addition, Jackson requested additional credit, covering the same 70 days previously credited against his Dodge county sentences.[2] On April 26, 1999, the trial court entered an order adopting the State's request for a further reduction of Jackson's sentence credit to 175 days. The court also rejected Jackson's request for additional credit.

¶ 7. On appeal, Jackson challenges the trial court's postconviction order further reducing his sentence credit to 175 days. He also renews his trial court request for the additional 70 days of sentence credit already credited against his Dodge county sentences. As we have noted, the State has dissected Jackson's criminal confinement history. As a result, the State computes Jackson's sentence credit at 213 days. In his reply brief, Jackson agrees with this computation with one exception: he continues to assert that he is entitled

[2] In the trial court and in his brief-in-chief on appeal, Jackson computed his Dodge county confinement credit at 84 days. However, based upon Weinstein's computation, Jackson agrees that the correct amount of his Dodge county confinement is 70 days. *See supra* Note 1. Although the parties agree on the amount of Jackson's Dodge county confinement, they dispute whether he is entitled to credit against his Fond du Lac sentences for this confinement. This is the issue we address on appeal.

to the 70 days of confinement already credited against his Dodge county sentence. In light of Jackson's concession, we need not burden this opinion with an explanation of the State's computation of Jackson's sentence credit entitlement. Instead, we limit our discussion to the one remaining dispute between the parties: whether Jackson is entitled to credit against his Fond du Lac burglary sentences for the 70 days of confinement already credited against his Dodge county sentences.

### Discussion

■

¶ 8. A defendant is entitled to sentence credit when, in the words of Wis. Stat. § 973.155(1) (1995–96),[3] the defendant's presentence confinement was "in connection with the course of conduct for which sentence was imposed." The issue requires that we interpret the statute and apply the undisputed facts to the statute. That exercise presents a question of law that we review de novo. *See Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999).

¶ 9. Jackson relies on *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985). There, Beets was placed on probation following his conviction on drug-related offenses. Later, he was arrested on a burglary charge and a probation hold on the drug convictions was lodged against him. Eventually, Beets's probation was revoked, he was sentenced to prison and he was credited for his presentence confinement. *See id.* at 374–75.

---

[3] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

¶ 10. Beets later pled guilty to the burglary charge and he was sentenced to prison. He sought sentence credit for the same period of time previously credited on the drug sentences. The trial court granted this request. However, Beets also sought additional credit for the period of confinement following his sentencing on the drug charges and the sentencing on the burglary charge. The trial court denied this request and the court of appeals affirmed. *See id.* at 376.

¶ 11. Upon further review, the supreme court identified the issue as whether Beets's confinement following his prior sentencing on the drug charges was "in connection with the course of conduct for which sentence was imposed" pursuant to WIS. STAT. § 973.155(1) (1981–82). *See Beets,* 124 Wis. 2d at 377. Affirming the court of appeals, the court ruled that it was not. The court stated that "any connection which might have existed between custody for the drug offenses and the burglary was severed when the custody resulting from the probation hold was converted into a revocation and sentence." *Id.* at 379.

¶ 12. Relying on the *Beets* "severance" analysis, Jackson reasons that he is entitled to credit for the 70 days of confinement he served in Dodge county measured from the date of his arrest on the Fond du Lac burglary charges to the date of his sentencing on the Dodge county convictions. During this time, Jackson was in dual custody. He was held pursuant to the Dodge county probation hold and pursuant to his arrest on the Fond du Lac burglary charges.[4] Under

---

[4] The parties do not advise as to the conditions for release on the Fond du Lac charges. However, the State makes no claim that Jackson ever satisfied those conditions. To the contrary, the State represents that Jackson remained in custody on the Fond du Lac charges during all relevant times.

*Beets*, Jackson says that his custody in this case was not severed until his probation was revoked on the Dodge county convictions and he was sentenced on those matters.

¶ 13.  We reject Jackson's reliance on *Beets*. Although the custody upon which Jackson bases his sentence credit was also presented by the facts of *Beets, that custody was not the basis for Beets's sentence credit claim*. Rather, Beets sought credit for his confinement time *after* he had been sentenced on the prior charge to the date of sentencing on the instant charge. The State did not challenge Beets's sentence credit for confinement prior to the sentencing on the prior charge. In fact, the supreme court expressly noted that the propriety of this grant of dual credit was not before the court. *See id.* at 378 n.5. Here, Jackson's sentence credit claim is based on his confinement time *before* he was sentenced on the Dodge county charges. Thus, the issue reserved in *Beets* is squarely presented here.

¶ 14.  Instead, we agree with the State that *State v. Boettcher*, 144 Wis. 2d 86, 423 N.W.2d 533 (1988), although presenting different facts, is the persuasive authority on the issue before us. Boettcher was convicted of burglary and was placed on probation under an imposed and stayed prison sentence. Later, Boettcher was arrested on a firearms charge. Although he was admitted to bail on that charge, he remained in custody on a probation hold under the burglary conviction. Eventually Boettcher's burglary probation was revoked and the previously imposed sentence was executed. He received credit against this sentence for the period from the date of his arrest on the firearms charge to the date of the probation revocation. *See id.* at 88–89.

¶ 15.  Later, Boettcher pled no contest to the firearms charge. He was sentenced to a one-year term consecutive to the burglary sentence. He sought credit for the same period of time previously credited on the burglary sentence. The trial court denied any credit. On appeal, the court of appeals ruled that Boettcher was entitled to credit for that period of time from the date of his arrest to the time when he was admitted to bail, even though that resulted in a partial grant of dual credit. However, the court rejected Boettcher's request for credit for all of his presentence confinement. *See id.* at 89.

¶ 16.  Upon further review, the supreme court upheld the court of appeals rejection of Boettcher's request for full credit for all his presentence confinement. However, the supreme court reversed the court of appeals credit allowance of the portion of the confinement prior to Boettcher's release on bail. The court ruled:

> [D]ual credit is not permitted—that the time in custody is to be credited to the sentence first imposed—and that, where the sentences are consecutive, the total time to be served is thus reduced by the number of days in custody as defined by sec. 973.155, Stats. Credit is to be given on a day-for-day basis, which is not to be duplicatively credited to more than one of the sentences imposed to run consecutively.

*Id.* at 87.

¶ 17.  Although the facts here are different, the State argues that the rationale of *Boettcher* controls in this case. The State correctly observes that Jackson has already received credit against his Dodge county sentences on a "day-for-day basis." *Id.* Since this was

the "sentence first imposed," the State contends that Jackson's request for the same credit against his Fond du Lac sentences represents an improper claim for duplicative credit under *Boettcher*.

¶ 18.  Jackson argues that *Boettcher* does not apply. He observes that Boettcher's later firearms sentence was consecutive to the earlier burglary sentence whereas here his Fond du Lac sentences were not consecutive to the earlier Dodge county sentences.[5]

¶ 19.  We reject Jackson's attempt to distinguish *Boettcher*. True, the trial court here did not make Jackson's Fond du Lac sentences consecutive to the Dodge county sentences. But the trial court had no need to make that pronouncement because Jackson had already completed the Dodge county sentences at the time of the sentencing in this case. The core idea of *Boettcher* is that "dual credit is not permitted" where a defendant has already received credit against a sentence which has been, or will be, separately served. *See id.* at 87. Since Jackson had already received credit for the custody at issue in this case in the Dodge county sentences and since he had already served those sentences, he was not entitled to dual credit for the same custody in this case.

---

[5] The trial court's grant of sentence credit in this case against only one of the two burglary sentences was in keeping with the mandate of *Boettcher* that dual credit should not be granted where the court imposes consecutive sentences. Jackson takes no issue with that ruling. Rather, Jackson's credit claim is related to Dodge county presentence confinement time for which he had already received credit in the Dodge county sentencing.

## Conclusion

¶ 20.    We hold that *Boettcher* bars a claim for dual credit where the defendant has already received the same credit against a prior sentence that the defendant has already served.

*By the Court.*—Judgments and orders modified and, as modified, affirmed.