PER CURIAM.
¶1 Emmanuel Stevenson appeals a circuit court order, entered on November 13, 2017, reinstating a prior order granting Stevenson 304 days of sentence credit. Stevenson argues on appeal that he is entitled to additional sentence credit. He also argues that the circuit court violated his due process rights in its determination of sentence credit. For the reasons discussed below, we affirm the order of the circuit court.
BACKGROUND
¶2 Stevenson pled guilty on August 2, 1995, to one count of armed robbery as a party to a crime and one count of operating a vehicle without the owner's consent. Stevenson was sentenced on December 27, 1995. On count one, the armed robbery charge, the circuit court imposed and stayed a twenty-year sentence and ordered fifteen years of probation. On count two, operating a vehicle without consent, the court imposed five years' imprisonment. The sentences were ordered to run concurrently. The circuit court awarded 304 days of sentence credit on count two, for the time Stevenson spent in pretrial custody between the date of his arrest and the date that a stay of adult court proceedings was lifted,[1] plus the time he spent in custody between the entry of his pleas and his sentencing.
¶3 Immediately after sentencing on December 27, 1995, Stevenson began serving his five-year prison sentence on count two, as well the probation ordered on count one. Due to his sentence credit on count two, Stevenson was released on parole on August 15, 1997. He then violated the terms of his parole, and his parole was revoked on May 11, 1999.
¶4 Separately, Stevenson's probation on count one was revoked, on May 26, 2004. The Department of Corrections (DOC) determined that Stevenson's 20-year sentence on count one should begin on November 14, 2003, the date of his arrest that led to probation revocation. Stevenson received 77 days of sentence credit for the time he spent in custody due to probation holds before his November 14, 2003 arrest.
¶5 In 2015, DOC sent a letter to the circuit court suggesting that Stevenson may be entitled to 304 days of sentence credit not only on count two, but also on count one because the court had ordered concurrent sentences.
¶6 Stevenson then filed a motion in which he argued that he was entitled to 511 days of sentence credit. On June 17, 2015, the State filed a letter disputing that Stevenson was entitled to 511 days of credit, but agreed with DOC that he was due 304 days.
¶7 The circuit court then amended the judgment of conviction to reflect 304 days of sentence credit on count one, leaving in place the order that granted 304 days' credit on count two.
¶8 Stevenson moved for reconsideration of the court's rejection of his argument that he was entitled to 511 days' credit and argued that he was denied due process because he never received the State's June 17 letter and did not have an opportunity to reply to it. Based on an assumption in Stevenson's favor that he never received a copy of the State's letter, the circuit court vacated its prior decision as to sentence credit. The court ordered the State to provide Stevenson with a copy of its letter and granted Stevenson leave to file an amended motion.
¶9 Stevenson filed an amended motion for sentence credit, arguing this time that he was entitled to 1,918 days of credit. Upon order of the circuit court, the State filed a response to the motion asserting that, based on jail records, he was entitled to 304 days of sentence credit. The circuit court then entered an order reinstating its prior order granting Stevenson 304 days of sentence credit on count one, leaving in place the 304 days of credit on count two that were granted in the original judgment of conviction. In its order, the court stated that it "could find, that upon the reconsideration requested by Defendant, [that] he is entitled to only 140 days of sentence credit." However, the court relied upon the State's stipulation that Stevenson was entitled to 304 days. This appeal follows.
STANDARD OF REVIEW
¶10 Whether a defendant is entitled to sentence credit is a question of law that this court reviews de novo. State v. Jackson , 2000 WI App 41, ¶8, 233 Wis. 2d 231, 607 N.W.2d 338. Similarly, whether a defendant has been denied due process is a constitutional issue that we review de novo. State v. Tiepelman , 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.
DISCUSSION
¶11 On appeal, Stevenson argues that the circuit court violated his due process rights in resolving his motion and amended motion for sentence credit. He also argues that he is entitled to additional sentence credit on count one, beyond the 304 days awarded by the circuit court. We will address each argument in turn.
The Circuit Court Did Not Deny Stevenson His Right To Due Process
¶12 The Fourteenth Amendment of the United States Constitution and Article 1, Section 1 of the Wisconsin Constitution protect a defendant "from being deprived of life, liberty, or property without due process of law." State ex rel. Schatz v. McCaughtry , 2003 WI 80, ¶17, 263 Wis. 2d 83, 664 N.W.2d 596. Here, the circuit court's sentence credit decision affected Stevenson's liberty interest; therefore, he was entitled to a meaningful opportunity to be heard on the issue. Id. , ¶¶17-18. The record reflects that he received that opportunity.
¶13 Stevenson argues that the circuit court violated his right to due process when it amended the judgment of conviction to reflect 304 days of sentence credit on count one, as opposed to 511 days, without first giving him an opportunity to respond to the letter filed by the State on June 17, 2015. The State counters that the court subsequently rectified any error, thereby affording Stevenson a meaningful opportunity to be heard. We agree with the State.
¶14 In State v. Amos , 153 Wis. 2d 257, 281, 450 N.W.2d 503 (Ct. App. 1989), the circuit court amended a judgment of conviction to remove 726 days of sentence credit without notice to the defendant. This court concluded that the defendant was not denied his right to due process because, while the defendant should have received notice before the court vacated its original order, the defendant had the opportunity to address the issue through a postconviction motion. Id.
¶15 Here, Stevenson had a meaningful opportunity to respond to the State's position on the sentence credit issue. At a status conference on September 20, 2016, the circuit court vacated its previous sentence credit decision, ordered the State to provide Stevenson with a copy of its letter filed on June 17, 2015, and granted Stevenson leave to file an amended motion. The record reflects that Stevenson did file an amended motion, consisting of 13 pages of arguments and 13 pages of exhibits. We are satisfied, based on all of the above, that the circuit court did not deny Stevenson his right to due process in its determination of the sentence credit issue.
Stevenson Is Not Entitled To Additional Sentence Credit
¶16 We turn next to Stevenson's argument that he is entitled to additional sentence credit beyond the 304 days awarded to him by the circuit court on count one. For the reasons discussed below, we reject this argument.
¶17 Stevenson first argues that he is owed 516 days of sentence credit for time spent in pretrial custody. This argument is not supported by the record. To repeat, Stevenson was arrested for armed robbery on August 23, 1994, and sentenced in this case on December 27, 1995. Stevenson was in custody between those dates for a total of 491 days. To receive sentence credit for this time, Stevenson must show that the 491 days of pretrial custody were "in connection with the course of conduct for which sentence was imposed." WIS. STAT. § 973.155(1)(a) (2017-18).[2] Credit is given on a day-for-day basis. State v. Boettcher , 144 Wis. 2d 86, 87, 423 N.W.2d 533 (1988).
¶18 The State does not dispute that Stevenson was in pretrial custody in connection with this case between his arrest on August 23, 1994, and the lifting of the stay of adult court proceedings on January 26, 1995, which amounts to 157 days. The State also does not dispute that Stevenson was in pretrial custody in connection with this case between his pleas on August 2, 1995, and his sentencing on December 27, 1995, which amounts to 147 days. Added together, those two time periods amount to 304 days of pretrial custody that are not in dispute. The record reflects that Stevenson received those 304 days of sentence credit against his count two prison sentence. To repeat, he was released to parole on August 15, 1997, and remained on probation with respect to count one.
¶19 Stevenson is not entitled to have another 304 days of sentence credit applied to count one for the same 304 days of pretrial custody. By the time Stevenson's probation was revoked and he began serving his twenty-year sentence on count one, beginning November 14, 2003, he already had received the benefit of 304 days of credit applied to his sentence on count two. Stevenson is not entitled to dual credit, i.e. , sentence credit for the same period of pretrial custody twice. See Jackson , 233 Wis. 2d 231, ¶19 ; see also Boettcher , 144 Wis. 2d at 87.
¶20 The question remains whether the other 187 days Stevenson spent in pretrial custody, out of a total 491 days, were in connection with the course of conduct for which his sentences were imposed. Stevenson conceded in the circuit court that he was not in custody in connection with this case between January 26 and April 6, 1995; rather, he was in custody at that time due to his juvenile commitment. The record reflects that Stevenson appeared in Dane County Circuit Court for his initial appearance on April 6, 1995, but that he signed a signature bond and returned to his juvenile commitment at Lincoln Hills until May 3, 1995, when he again appeared in court but, this time, refused to sign an amended signature bond. Generally, the issuance of a signature bond severs any factual connection between a defendant's custody and the course of conduct for which the defendant was sentenced. See State v. Biersdorf , 208 Wis. 2d 492, 496-98, 561 N.W.2d 749 (Ct. App. 1997). We agree with the State that, because Stevenson's custody during the 96 days from January 26, 1995, to May 2, 1995, was not "in connection with the course of conduct for which sentence was imposed," Stevenson is not entitled to credit for those 96 days. WIS. STAT. § 973.155(1)(a).
¶21 After Stevenson refused to sign the amended signature bond on May 3, 1995, he was transferred back to Lincoln Hills on his juvenile commitment and remained there until June 1, 1995. The State concedes that, because Stevenson refused to sign the bond, he was in custody in connection with this case from May 3, 1995, to June 1, 1995, entitling him to 30 days of sentence credit.
¶22 The record reflects that Stevenson signed another bond on June 1, 1995, thereby severing his custody in connection with this case. Stevenson was then out on bond until he entered his pleas on August 2, 1995. We agree with the State that he is not entitled to sentence credit for the 61 days he was out on bond because he was not in custody in connection with this case during that time.
¶23 Stevenson next argues that he is entitled to 598 days of sentence credit on count one for the time he spent serving his count two sentence after the sentencing hearing on December 27, 1995, but before he was released on parole on August 15, 1997. We agree with the State that Stevenson fails to develop his argument on this point, and we reject the argument on that basis. This court need not consider arguments that either are unsupported by adequate factual and legal citations or are otherwise undeveloped. See Dieck v. Unified Sch. Dist. Of Antigo , 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions); State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments).
¶24 Stevenson also argues that he is entitled to 136 days of sentence credit for time that he spent at a halfway house after he was released on parole on count two, from August 18 to December 18, 1997. However, the total number of days from August 18 to December 18, 1997 is 123 days, not 136. Stevenson asserts that he should be entitled to sentence credit for this time period because he would have been subject to penalties if he had escaped. See State v. Magnuson , 2000 WI 19, ¶25, 233 Wis. 2d 40, 606 N.W.2d 536 ("for sentence credit purposes an offender's status constitutes custody whenever the offender is subject to an escape charge for leaving that status"). The State fails to persuade us that Stevenson is not entitled to sentence credit for this time period. Therefore, he is entitled to 123 days of credit on count one for the time period from August 18 to December 18, 1997.
¶25 Stevenson next argues that he is entitled to 10 days of sentence credit for the time that he was in custody at the Dane County jail from September 3 to September 12, 1997. However, those dates already were accounted for in his claim for credit for the time period from August 18 to December 18, 1997. As explained above, Stevenson has failed to show that this custody was in connection with the course of conduct for which his sentence on count one was imposed. Therefore, we conclude that no credit is due for this time period.
¶26 Next, Stevenson argues that he is due 11 days of sentence credit for time spent in the Dane County jail from March 23 to April 2, 1998. The State asserts that this custody was related to a charge of obstruction and was not connected to count one. Stevenson asserts in his reply brief on appeal that he was released on bond in the obstruction case on March 23, 1998, and that the 11 days of custody that followed related only to a probation hold. However, he fails to cite any evidence in the record to support this claim. Stevenson relies on jail records included in the appendix to his appellant's brief, but the entry shown for the time period at issue makes no reference to a probation hold or to count one in this case. We agree with the State that Stevenson has failed to show that his time spent in custody from March 23 to April 2, 1998 was in connection with the course of conduct related to count one. Therefore, he is not entitled to sentence credit for that time.
¶27 Stevenson also seeks sentence credit for the 6 days that he was in custody at the Dane County jail, from November 18 to November 23, 1998. The State concedes that jail records and the probation revocation summary show that Stevenson was in custody on a probation hold during this time. We therefore conclude that Stevenson is due 6 days of credit on count one for the time period from November 18 to November 23, 1998.
¶28 Next, Stevenson seeks sentence credit for 6 days that he was in custody at the Dane County jail, from January 2 to January 7, 1999. The State asserts that Stevenson's own records in the appendix to his brief show that, while he was in custody during this time, his probation hold was only from January 2 to January 4, 1999. The State concedes that Stevenson is entitled 3 days of sentence credit, but argues that Stevenson has failed to offer any evidence that he is entitled to credit for the additional 3 days. We agree, and conclude that Stevenson is owed 3 days of sentence credit on count one, for time spent in custody, from January 2 to January 4, 1999.
¶29 Stevenson also asserts that he is due sentence credit on count one for time spent in the Dane County jail from February 21 to April 25, 1999. The State concedes that Stevenson's jail records show that he is entitled to credit for that time period. We agree that Steven is entitled to 64 days of sentence credit on count one for time spent in the Dane County jail, from February 21 to April 25, 1999.
¶30 Additionally, Stevenson requests credit for his time spent in custody in the Dane County jail from April 27 to May 17, 1999, which is 21 days. The State asserts that, although Stevenson's jail records show that he was in custody during this time period for a "probation/parole violation," the circuit court record also reflects that his parole on count two was revoked on May 11, 1999. The State argues that, although Stevenson remained in the Dane County jail until May 17, 1999, his custody was connected to count one only for the time period from April 27 to May 11, 1999. We agree with this analysis, and conclude that Stevenson is entitled to 15 days of sentence credit on count one for the time period from April 27 to May 11, 1999.
¶31 Stevenson also seeks credit for the time that he spent in prison from May 17, 1999 to February 2, 2000, following his parole revocation on count two. The State argues that Stevenson fails to show that this custody had any connection with count one. We agree, and therefore conclude that Stevenson is not entitled to sentence credit on count one for this time period.
¶32 Stevenson further asserts that he was on electronic monitoring from February 6 through March 6, 2000, and seeks 42 days of sentence credit against count one for that time period. Stevenson fails to explain how he arrives at the conclusion that he is entitled to 42 days of credit for a time period consisting of only 30 days. In addition, we agree with the State's assertion that Stevenson has failed to show that he would have been subject to escape charges while on monitoring, as required under Magnuson , 233 Wis. 2d 40, ¶25. Accordingly, we conclude that Stevenson is not entitled to any sentence credit on count one for the period from February 6 through March 6, 2000.
¶33 Stevenson also argues, and the State concedes, that he is entitled to 39 days of sentence credit on count one, broken out as follows: 4 days for jail time from October 10 to October 13, 2000; 13 days for time spent on a probation hold from March 4 to March 16, 2001; 7 days for jail time from November 2 to November 8, 2001; 6 days for jail time from December 15, 2001 to December 20, 2001; and 9 days for jail time from December 11, 2002 to December 19, 2002. Based on the parties' agreement on the amount of credit due, we conclude that Stevenson is due a total of 39 days of sentence credit on count one for these time periods.
¶34 Finally, Stevenson argues that he is entitled to 208 days of sentence credit for the time period from November 14, 2003 until June 8, 2004. As noted above, DOC ran Stevenson's 20-year sentence on count one beginning November 14, 2003, the date of his arrest that led to probation revocation, even though his probation on count one was not officially revoked until May 26, 2004. The State argues that Stevenson already received credit against count one from the date of his arrest until the date of revocation, as evidenced by DOC's decision to run his sentence beginning on November 14, 2003. We agree with the State's analysis, and conclude that Stevenson is not due any sentence credit on count one for the time period from November 14, 2003 until June 8, 2004.
¶35 Based on all of the above, we conclude that Stevenson is entitled to a total of 280 days of sentence credit on count one, and we reject the alternatives argued by the parties. Accordingly, we reject Stevenson's request that we direct the circuit court to award additional credit beyond the 304 days of credit set by the circuit court.
By the Court.- Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Stevenson was arrested for the crimes at issue in this case on August 23, 1994. The next day, a petition to waive juvenile jurisdiction over him was filed in Dane County Juvenile Court. The court entered an order waiving juvenile jurisdiction. Stevenson appealed the juvenile waiver decision, and adult court proceedings against him were stayed pending appeal. On January 26, 1995, this court affirmed the juvenile waiver decision and lifted the stay.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.