Maloney, Respondent, vs. Wisconsin Power, Light & Heat Company, Appellant.

*April 6—May 1, 1923.*

*Death: Damages: Instructions: Harmless error: Value of widow's support by husband: Probable accumulations of husband: Trial: Failure to request instruction: Effect: Excessive damages: Discretion of jury.*

1. In an action for wrongful death, an instruction that the jury in fixing damages will allow such sum as will equal the "value" of such support and protection of the wife as the husband would have furnished during the time he probably would have lived, is not prejudicial, though the word "present" was not used before "value," where the charge taken in connection with others was substantially correct as a whole.
2. An instruction that the jury should consider such accumulation of property as would have resulted from the earnings of the deceased during such time as he would probably have lived, and such reasonable expectation, if any, which the wife had of ultimately receiving such accumulations as his widow, does not assume an accumulation of property by the deceased, since, if the jury believed no accumulation would result, nothing could be awarded on that basis.
3. If defendant had desired a definition of the word "accumulations," it should have requested an instruction on that subject.
4. A verdict of $9,000 for the death of a locomotive engineer sixty years old earning from $2,800 to $3,000 a year, who was in excellent health and had a life expectancy of 11.1 years and had accumulated property valued at $19,000, is not excessive.
5. In fixing damages the jury are allowed a wide discretion, and where the trial court passes upon the question the appellate court ought not to upset the verdict.

Maloney v. Wisconsin Power, L. & H. Co. 180 Wis. 546.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed*.

This is an appeal by the defendant from a judgment in an action by the plaintiff to recover damages for the death of John Maloney, the husband of the plaintiff, caused by the defendant's wrongful act.

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan*.

For the respondent there was a brief by *Grady & Farnsworth* of Portage, and oral argument by *Daniel H. Grady*.

DOERFLER, J. Two assignments of error are urged on this appeal: First, that the trial court erred in its instructions to the jury; and second,.because the damages awarded are excessive.

Defendant's counsel in their first assignment of error urge that the court erred in giving the following·instruction:

"You will consider the age of the deceased and of the wife, and. the condition of health of the deceased and his earning capacity and his reasonable prospects at the time of his death, and will allow such sum as will equal the value of such support and protection of the wife as the husband would have furnished during the time he probably would have lived. You should also consider such accumulations of property as would have resulted from the earnings of the deceased during such time as he would probably have lived, and such reasonable expectation, if any you find, which the wife had of ultimately receiving such accumulations as his widow."

Defendant's counsel contend that the instruction is erroneous for the reason that the court did not specifically charge that the jury should allow such sum as would equal the *present value* of such support and protection, etc. The instruction complained of is substantially in accordance with the law as laid down and approved in *West v. Bayfield Mill Co.* 149 Wis. 145, 152, 135 N. W. 478; *Lawson v. C., St. P.,*

*M. & O. R. Co.* 64 Wis. 447, 24 N. W. 618; *Ryan v. Osh-kosh G. L. Co.* 138 Wis. 466, 120 N. W. 264.

We find no prejudicial error in the charge complained of on this subject, particularly in view of the court's charge which preceded and that which succeeded the quotation therefrom above set forth. The court instructed the jury in relation to the seventh question of the special verdict as follows:

"What sum will compensate *Mrs. Maloney* for the pecuniary loss sustained as the result of her husband's death? . . . In answer to this question you will write in such sum as will be reasonable and just, such sum as will, in your deliberate judgment, fairly and reasonably compensate the plaintiff for the pecuniary or money loss actually sustained by the wife as the result of her husband's death."

This portion of the charge immediately preceded the charge complained of; and the charge concludes with the following:

"The limit of recovery is such sum as being put out at interest will each year, by taking the interest and a part of the principal, yield an amount equal to the value of such support and protection as the wife would have received during the time her husband would probably have lived, and will leave and supply such sum at the time of his probable death as the wife would have then received from the accumulation of his earnings during such period, if any such sum you find."

The charge taken as a whole is not misleading, and correctly sets forth the law applicable to plaintiff's right of recovery on the subject of damages. However, the charge would have been more definite if before the word "value" the word "present" had been inserted, so as to make it read, "and allow such sum as would equal the *present* value of such support and protection of the wife," etc. *Secord v. John Schroeder L. Co.* 160 Wis. 1, 150 N. W. 971.

The rule is also aptly stated in 5 Sutherland, Damages (4th ed.) p. 4879, § 1265, where it is said:

"The pecuniary loss to a widow by reason of her husband's death must be measured by the present worth of such portion of his earnings, had he lived to the limit of his expectancy of life, as would with reasonable certainty have inured to her."

Defendant's counsel further contend that the instruction is erroneous because the jury was charged as follows:

"You should also consider such accumulations of property as would have resulted from the earnings of the deceased during such time as he would probably have lived, and such reasonable expectation, if any you find, which the wife had of ultimately receiving such accumulations as his widow."

It is claimed that the instruction is faulty in that it assumes that there would be an accumulation. We are of the opinion that the instruction complained of is not subject to this criticism. Under this instruction the court expressly charged that the jury should consider such accumulations "as would have resulted," from which it must clearly be inferred that, if they were of the opinion that no accumulations would result, then nothing could be awarded on that basis.

Error is also claimed because the court failed to define the term "accumulations," and because under the charge as given accumulations might include gifts. We think that the charge on the subject, taken as a whole, contains no prejudicial error, and that if defendant's counsel had desired a specific definition of the word "accumulations" he should have requested an instruction on that subject, and, having failed to do so, cannot now complain. *Barlow v. Foster,* 149 Wis. 613, 625, 136 N. W. 822.

In the second assignment of error it is claimed that the damages are excessive. The record shows that the deceased, who at the time of his death was sixty years of age, had been a locomotive engineer earning between $2,800 and

$3,000 per year; that at the time of his death he enjoyed excellent health, and was possessed of physical strength far beyond that of the ordinary man of that age; that he had accumulated property of the value of about $19,000, and that all of his accumulations were held jointly by the deceased and the plaintiff; and that under the American Experience Table of Mortality he had an expectancy of 11.10 years. Under the evidence the jury could properly have concluded that his expectancy was greater than that allotted to him by such table. The plaintiff was the widow and sole heir of the deceased. There was also ample evidence from which the jury could have readily inferred that whatever property was accumulated would ultimately go to plaintiff.

Under such a state of the record, can it be said that the damages awarded by the jury, namely, $9,000, are excessive? While it must be assumed that under ordinary conditions the earning capacity of one situated like the deceased would have a tendency to gradually diminish, nevertheless that subject was one that was peculiarly within the province of the jury to determine from all the evidence in the case. Allowing a reasonable amount each year for the actual support of the deceased and his incidentals, and taking into consideration the amount which in all reasonable probability would be contributed by the deceased during his expectancy to the plaintiff, and the accumulations which might result, and the reasonable expectation of the plaintiff to receive a portion of such accumulations, the amount awarded would appear to be reasonable. In any event, in fixing the damages the jury are allowed a rather wide discretion; and in view of the weight that must be given to the refusal of the trial court to disturb the verdict, as held in *Ryan v. Oshkosh. G. L. Co.* 138 Wis. 466, 120 N. W. 264, this court ought not to upset the verdict.

We find no prejudicial errors, and the judgment of the circuit court must therefore be affirmed.

*By the Court.*—Judgment affirmed.