COURT OF APPEALS
DECISION
DATED AND FILED

February 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP2519-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF5146**

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MICHAEL A. RAKEL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 SEIDL, J. Michael Rakel was convicted of the first-degree reckless homicide of Andre Taylor (Taylor), as a party to a crime. He appeals from that part of his amended judgment of conviction ordering him to pay restitution to the

mother of Taylor's child based upon Taylor's pre-existing, court-ordered child support obligation. Rakel argues that the circuit court did not have the authority under WIS. STAT. § 973.20(1r) (2017-18),[1] to require him to pay restitution in an amount equal to Taylor's child support obligation. Rakel further argues that even if the court had authority to order such payments, the court improperly ordered him to pay the restitution to the biological mother of Taylor's child as her presumably "nonlegally responsible relative."

¶2 We conclude that Taylor's child's loss of income resulting from Taylor's homicide was a special damage potentially recoverable by the child in a wrongful death civil action against Rakel. As such, the circuit court had the authority to order Rakel to pay restitution based upon the amount of Taylor's court-ordered child support obligation. We also conclude that such restitution is due to Taylor's child under WIS. STAT. § 895.04(2). The record does not reflect whether the child's mother is a "nonlegally responsible relative" under WIS. STAT. § 767.501 eligible to receive restitution for the child. The court, therefore, erroneously exercised its discretion in ordering the restitution to be paid to the mother. Accordingly, we affirm in part and reverse in part and remand the matter for the court to determine whether the child's mother is permitted to receive restitution payments for the child, and, if not, to amend the judgment of conviction to provide that payments are made to an appointed guardian for the benefit of the child.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

## BACKGROUND

¶3    Rakel was charged with one count of first-degree reckless homicide with the use of a dangerous weapon, as a party to a crime, and as a repeater, contrary to WIS. STAT. §§ 940.02(1), 939.50(3)(b), 939.05, 939.62(1)(c), and 939.63(1)(b), and with one count of attempted armed robbery with use of force, as a party to a crime, and as a repeater, contrary to WIS. STAT. §§ 943.32(1)(a) and (2), 939.50(3)(c), 939.32, 939.05, and 939.62(1)(c).  The criminal complaint, which formed the factual basis for Rakel's plea, established that Rakel and Roxanne Gray planned a meeting with Taylor during which Gray stabbed Taylor with a knife, causing his death.

¶4    Pursuant to a plea agreement, Rakel subsequently entered a guilty plea to the first-degree reckless homicide charge as a party to a crime.  In exchange for a plea, the State recommended thirty years' initial confinement with extended supervision left to the circuit court's discretion.  The count of attempted armed robbery was dismissed and read in.

¶5    Prior to sentencing, Taylor's family completed a restitution request worksheet.  One of the items requested was "child support/death benefit" for Taylor's children and grandchildren.  The family ultimately requested restitution based on Taylor's child support obligation for one child.

¶6    At sentencing, the parties debated whether the circuit court could require Rakel to pay restitution based upon Taylor's child support obligation.  Rakel's attorney objected, arguing that there was no documentation confirming that Taylor was the child's father.  Counsel also contended that the amount of child support requested by the family was "arbitrary."

¶7    The circuit court imposed a sentence of thirty years' initial confinement and ten years' extended supervision. The court subsequently held a restitution hearing, during which Taylor's family asked the court to order Rakel to pay restitution based upon Taylor's child support obligation. Taylor had other children, but the only request made by the victim's family at the restitution hearing was for the support of one of his children. The State established paternity by producing a Walworth County circuit court judgment that documented Taylor's paternity of the child, including her birthdate of August 24, 2004.

¶8    Rakel's trial counsel objected to the family's request for a restitution order based upon Taylor's child support obligation. He argued that WIS. STAT. § 973.20, the restitution statute, does not specify "child support" as an item of restitution, and that the circuit court therefore lacked authority to order Rakel to pay restitution based upon Taylor's child support obligation.

¶9    Rakel's counsel further asserted that even if the circuit court decided it did have authority to order restitution based upon Taylor's child support obligation, the amount requested by the State was incorrect. The parties ultimately agreed that if restitution was ordered based upon Taylor's child support obligation, the correct amount of Rakel's total restitution obligation should be $11,550. That calculation was based upon the Walworth County court order requiring Taylor to pay $165 monthly child support, less the amount of social security the child was receiving as a result of Taylor's death.

¶10    The circuit court ultimately imposed a joint and several restitution order that, in part, obligated Rakel and two others to pay $11,550 to the biological mother of Taylor's child due to Taylor's inability to pay his court-ordered child support in the future. The court concluded that there was "sufficient earning

4

capacity so that that order could be fulfilled, particularly [because of] the joint and several liability ….” This appeal follows.

## DISCUSSION

¶11     The scope of a circuit court's authority to order restitution presents a question of statutory interpretation that we review de novo. ***State v. Johnson***, 2002 WI App 166, ¶7, 256 Wis. 2d 871, 649 N.W.2d 284.  Circuit courts have discretion when deciding the amount of restitution and determining whether the defendant's criminal activity was a substantial factor in causing expenses for which restitution is claimed. ***Id.***  When reviewing a court's exercise of discretion, we will examine the record to determine whether the court logically interpreted the facts, applied the proper legal standards, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach. ***Id***.

¶12     Rakel argues that the circuit court erred in three respects by ordering that he pay restitution based upon Taylor's child support obligation:  (1) the court lacked authority to order the restitution for this purpose; (2) there was insufficient evidence to support the amount of the restitution ordered; and (3) there was no factual basis upon which to order that the payments be made to the child's mother. We address each in turn.

*I.  Statutory Authority for the Restitution Award*

¶13     Rakel first argues that Wisconsin's restitution statutes do not permit the circuit court to order that he pay child support for Taylor's child.  However, WIS. STAT. § 973.20(1r) provides the court with authority to order a defendant to pay restitution to the victim or to the victim's estate if the victim is deceased. Section 937.20(1r) states, in relevant part:

> When imposing sentence or ordering probation for any crime … for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing ... unless the court finds substantial reason not to do so and states the reason on the record. … Restitution ordered under this section is a condition of probation, extended supervision, or parole served by the defendant for a crime for which the defendant was convicted.

¶14 We have held that WIS. STAT. § 973.20(1r) creates a presumption that restitution will be ordered in criminal cases and that the statute should be interpreted broadly to allow victims of crimes to recover their losses. *Johnson*, 256 Wis. 2d 871, ¶16. Before a circuit court may order a defendant to pay restitution, there must be a showing that: (1) the defendant's criminal activity was a substantial factor in causing pecuniary injury to the victim; and (2) the restitution award is limited to "special damages … which could be recovered in a civil action against the defendant for … conduct in the commission of a crime." *State v. Longmire*, 2004 WI App 90, ¶¶13-14, 272 Wis. 2d 759, 681 N.W.2d 534. Special damages are those that represent the victim's actual pecuniary losses. *State v. Holmgren*, 229 Wis. 2d 358, 365, 599 N.W.2d 876 (Ct. App. 1999). In other words, special damages are "[a]ny readily ascertainable pecuniary expenditure paid out because of the crime." *Id.* The restitution statutes do not permit a sentencing court to order the payment of general damages, which are amounts intended to generally compensate the victim for pain and suffering, anguish, or humiliation. *Longmire*, 272 Wis. 2d 759, ¶14.

¶15 The restitution statutes do not define the term "victim." However, we have held that "victim" under WIS. STAT. § 973.20(1r) is most reasonably interpreted by using the definition contained in WIS. STAT. § 950.02(4)(a). *See State v. Gribble*, 2001 WI App 227, ¶¶70-71, 248 Wis. 2d 409, 636 N.W.2d 488.

6

There is no dispute that Taylor's child is a victim under § 950.02(4)(a)4.a., which defines a victim for purposes of restitution as "a family member of the person who is deceased." While Rakel concedes that the child can be construed as a victim under § 950.02(4), he correctly notes that the restitution statutes make no specific provision for payment of a victim's lost child support. As a result, Rakel contends there is no statutory authority for the circuit court to include an amount in the restitution award representing anticipated child support that would have been paid by the deceased.

¶16     Rakel does acknowledge that WIS. STAT. § 973.20(3) and (4) permit a circuit court to reimburse victims for certain expenses and damages that occurred as a result of the injury or death of the victim. Section 973.20(5)(a) permits a court to order the defendant to pay any of the child's special damages that could be recovered in a civil wrongful death action, as long as the awarded damages are substantiated by the evidence in the record. In addition, § 973.20(3)(c) permits the court to order the defendant to "[r]eimburse the injured person for income lost as a result of a crime considered at sentencing." The latter statutory section, however, specifically limits the payment for the injured person's lost income ("pecuniary injury")—here, Taylor—not income lost by any other victims, such as a victim's child. That statute specifically excludes everyone's restitution claims but those made by the person against whom the crime was committed. Thus, Rakel contends that there is no express statute authorizing the court to order that Rakel pay restitution based upon Taylor's child support obligation because that is not lost income to Taylor.

¶17     Nevertheless, we conclude that WIS. STAT. § 973.20(5)(a) permitted the circuit court to order Rakel to pay the child's special damages, substantiated by evidence in the record, which could be recovered in a civil wrongful death action

against Rakel for his conduct in the commission of the homicide. Thus, the court properly ordered Rakel to pay restitution based upon Taylor's child's lost child support. First, the court correctly determined that Taylor's child suffered a pecuniary injury as a result of Rakel causing Taylor's death. For restitution to be ordered, *Longmire* requires that Taylor's death was a substantial factor in causing that pecuniary loss. *See Longmire*, 272 Wis. 2d 759, ¶13. There is no question that Taylor's death, caused by Rakel, deprived Taylor's child of continued child support payments. Without those payments, there was a "financial loss," which is synonymous with "pecuniary injury" as used in the wrongful death statute. *See Estate of Holt v. State Farm Fire & Cas. Co.*, 151 Wis. 2d 455, 460, 444 N.W.2d 453 (Ct. App. 1989). The pecuniary injury was the loss of Taylor's court-ordered child support payments, less any social security payments made to the child because Taylor is deceased.

¶18     Second, WIS. STAT. § 895.03 sets forth the conditions under which a wrongdoer is liable for wrongful death in a civil action. *See Force ex rel. Welcenbach v. American Fam. Mut. Ins. Co.*, 2014 WI 82, ¶36, 356 Wis. 2d 582, 850 N.W.2d 866. Under the statute, Rakel could be held liable for Taylor's wrongful death because Taylor could have commenced an action and recovered damages against Rakel for lost income, and it is that income which provided the basis for Taylor's child support obligation, had Taylor survived. *See id.*, ¶37. A wrongful death action is designed to compensate the deceased's relatives for the damages they suffer as a result of that death. *Id.*, ¶45. Under WIS. STAT. § 895.04(1), an "action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs." Section 895.04(4) states that "judgment for damages for

8

pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action."

¶19    As explained above, the paternity of Taylor's child was established. Therefore, WIS. STAT. § 767.501(2) would allow Taylor's minor child, as the person to whom the amount recovered belongs, to bring a "court action to compel [Taylor] to provide support." Taylor's minor child could bring a wrongful death action against Rakel because she is a victim who could have brought a child support enforcement action against Taylor if he were alive. For these reasons, Taylor's child is the "person to whom the amount recovered belongs." *See* WIS. STAT. § 895.04(1).

## II. *Substantiation of the Award*

¶20    Rakel acknowledges that a circuit court has the authority under WIS. STAT. § 973.20(5)(a) to order that a defendant pay all special damages, but not general damages, that are substantiated by evidence in the record, and that could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing. Rakel nonetheless argues that child support cannot constitute a special damage under the statute because it cannot be adequately substantiated with the required particularity regarding the amount of the loss. Rakel argues that, absent such particularity, lost child support is nothing more than a speculative damage.

¶21    Specifically, Rakel asserts that, based upon the record, it is impossible to determine the actual amount that Taylor would have spent on the support of his child. He claims "[i]t is too speculative to say that the administrative percentages [used] in calculating support for divorced and unmarried parents under the administrative code are a fair reflection of the amount

of support that [Taylor] … would have actually provided to this minor child." As a result, Rakel argues that even if child support generally constitutes a readily ascertainable loss, it is not a special damage here because it is not readily ascertainable under the specific facts of this case.

¶22   We are to broadly interpret the term "special damages" in WIS. STAT. § 973.20(5)(a) to mean "[a]ny readily ascertainable pecuniary expenditure paid out because of the crime." *Holmgren*, 229 Wis. 2d at 365-66. Based upon the facts in this case and Rakel's arguments on appeal, we conclude that the circuit court's order was not based upon speculation as to what amount Taylor would have been required to spend to support his child.

¶23   Under WIS. STAT. § 767.501(2)(b), child support is the amount "that the person should reasonably contribute to the support and maintenance of the … child …." The circuit court's award was based on the Taylor family's restitution request, and the court explained the specific basis for the amount it ordered. In particular, the court ordered that Rakel pay a sum equivalent to the current child support order that was in place after taking into consideration a reduction of social security payments to Taylor's child. That amount constitutes the support that Taylor was required to pay for the care of his child until the child reached the age of eighteen or is less than nineteen years old "pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent." *See* WIS. STAT. § 767.511(4). The court determined the length of the financial obligation to the child was seventy months. It then determined that a lump sum of $11,550—calculated based upon Taylor's child support obligation of $165 per month times seventy months, less any amount received from social security as a result of Taylor's death—was an appropriate restitution order. Thus, the amount

was readily quantifiable and not speculative, and the court properly ordered it as restitution.

¶24    We therefore reject Rakel's argument that the circuit court lacked authority to order that he pay restitution based upon Taylor's child support obligation.  Based upon the record in this case, the loss of child support resulting from Taylor's death was a special damage recoverable by the child in a wrongful death civil action.  Child support generally is a "readily ascertainable pecuniary loss," and here the court reasonably calculated Taylor's court-ordered child support obligation that he was unable to pay due to Rakel's killing him.

*III.  Restitution Payments to the Child's Mother*

¶25    Rakel argues that even if we determine that the circuit court properly ordered him to pay restitution due to Taylor's child's lost support under WIS. STAT. § 973.20, the court erred in directing that any payments be made to the child's mother.  He contends that WIS. STAT. § 895.04(4) permits only *the child* to bring a wrongful death action for his or her own pecuniary injury.  Further, under § 895.04(2), the court is directed to ensure that any wrongful death award be set aside for the protection of minor children whose support the deceased was legally charged to pay.  Thus, Rakel argues that the funds should be set aside solely for the minor child's benefit.

¶26    The State does not dispute that the minor child is properly considered a victim under the restitution statutes and is the individual to whom the amount recovered belongs under the wrongful death statute.  The State, however, opposes Rakel's contention because it claims that he ignores "the realities of how child support enforcement actions are brought, and the policies behind the wrongful death and restitution statutes."

11

¶27    Specifically, the State notes that under WIS. STAT. § 767.501(2)(a), the only individuals who can commence a court action to compel support and maintenance are (1) "[t]he person's spouse," (2) "[t]he minor child," (3) "[t]he person with legal custody of the child," or (4) "[a] nonlegally responsible relative." The Walworth County circuit court determined that Taylor's child support was owed to the biological mother of Taylor's child, whom the State presumably believes was a "[n]onlegally responsible relative"[2] under § 767.501(2)(a)4.[3]

¶28    On appeal, the State points out that CCAP records of the paternity action show the child's biological mother brought several actions to compel Taylor to pay his child support. The State presumes these enforcement actions were brought for the child's benefit. The State further contends that even though the child is properly considered a victim, the child's mother had undertaken previous actions to enforce Taylor's child support obligations. The State thus argues that the restitution award could be properly directed to the child's mother.

¶29    The State's argument is based on presumptions lacking legal or record support. The CCAP records in the paternity action do not demonstrate that the biological mother of Taylor's child currently has custody of the child, or that

_____

[2] "'Nonlegally responsible relative' means a relative who assumes responsibility for the care of a child without legal custody, but is not in violation of a court order. 'Nonlegally responsible relative' does not include a relative who has physical custody of a child during a court-ordered visitation period." WIS. STAT. § 767.501(1)(a).

[3] CCAP records in the paternity action are unclear as to whether the biological mother of Taylor's child is the child's legal guardian. *See In Re Paternity of M.D.T.*, No. 2007PA145PJ https://wcca.wicourts.gov/caseDetail.html?caseNo=2007PA000145PJ&countyNo=64&index=0#records.

12

she is the child's "nonlegally responsible relative." Further, there is nothing else in the CCAP record supporting such an inference.

¶30 Additionally, there is no other evidence in the record indicating that the mother is a "nonlegally responsible relative." The State reaches its conclusion to the contrary by presuming she must be a "[n]onlegally responsible relative" because she cannot be categorized as any of the other individuals listed in WIS. STAT. § 767.501(2)(a) according to the CCAP records. And, although the State presumes that the biological mother brought the prior child support enforcement actions for the child's benefit, the record does not support that presumption. Moreover, the circuit court's restitution order does not require the biological mother to use the money for the child's benefit. In short, the State's argument is unsupported by any record citation. As a general rule, we do not consider arguments based on factual assertions that are unsupported by references to the record on appeal. *Dieck v. Unified Sch. Dist.*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990). We cannot accept the State's contention that the restitution award for Taylor's child support obligation was properly payable to the biological mother of Taylor's child.

¶31 Again, "the minor child is properly considered a victim under the restitution statutes and the person 'to whom the amount recovered belongs' under the wrongful death statute in WIS. STAT. § 895.04(1)." The money paid is to be set aside for the child's benefit, yet that is not required under the current restitution order. Sec. 895.04(2). We therefore reverse on the issue of the proper recipient of the restitution award and remand with instructions that the circuit court determine whether the child's mother has custody of the child, or is the child's "nonlegally responsible relative" under WIS. STAT. § 767.501 to receive those payments for

the child.  If not, then the court shall amend the restitution order to provide that such restitution be payable to an appointed guardian for the benefit of the child.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded for further proceedings.

Not recommended for publication in the official reports.