COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1400-CR**

Cir. Ct. No. **2017CF1662**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

SHANIECE T. DAVIS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: CAROLINA STARK and JANET C. PROTASIEWICZ, Judges. *Judgment and order affirmed in part, reversed in part, and cause remanded.*

Before Brash, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Shaniece T. Davis appeals a judgment of conviction entered after she pled guilty to homicide by intoxicated use of a motor vehicle. She also appeals an order denying postconviction relief.[1] The sole issue on appeal is whether the restitution that the circuit court ordered Davis to pay to the decedent's sister properly included the $2,002.50 billed by attorneys who handled the administration of the decedent's estate. We conclude that the attorney's fees may not be included in the restitution award. Accordingly, we reverse in part and remand with directions to enter an amended judgment of conviction that does not include as an item of restitution any attorney's fees for administration of the decedent's estate.

**Background**

¶2 Davis was driving an SUV when she ignored a red light, collided with two vehicles, and then struck a pedestrian in a crosswalk. The pedestrian, Carol A. Daniel, did not survive. The State charged Davis with multiple offenses. Davis resolved the charges with a plea agreement in which she pled guilty to homicide by intoxicated use of a motor vehicle. A charge of failing to stop after striking an attended vehicle was dismissed and read in for sentencing purposes, and the circuit court granted the State's motion to dismiss the remaining charges outright.

¶3 Daniel's sister, J.G., requested $11,082.09 in restitution. As relevant here, J.G. supported her request with a law firm's invoices totaling $2,002.50 in fees for administration of Daniel's estate. Davis opposed the request for $2,002.50 in attorney's fees, arguing that the fees could not be recovered as restitution. At

---

[1] The Honorable Carolina Stark presided over the plea and sentencing proceedings and entered the judgment of conviction. The Honorable Janet C. Protasiewicz presided over the postconviction litigation and entered the postconviction order.

2

sentencing and in postconviction proceedings, the circuit court rejected Davis's arguments. She appeals.

**Discussion**

¶4    Restitution in criminal cases is governed by statute. *See* WIS. STAT. § 973.20 (2019-20).[2]    To obtain a restitution order, the victim must prove, by a preponderance of the evidence, the amount of damages sustained as a result of the crime. *See* § 973.20(14)(a). The terms of a restitution order lie in the circuit court's discretion. *See **State v. Holmgren***, 229 Wis. 2d 358, 366, 599 N.W.2d 876 (Ct. App. 1999). Whether § 973.20 authorizes a circuit court to order restitution under a particular set of facts, however, is a question of law that we review *de novo*. ***State v. Haase***, 2006 WI App 86, ¶5, 293 Wis. 2d 322, 716 N.W.2d 526.

¶5    Pursuant to WIS. STAT. § 973.20(5)(a), a restitution award may include "all special damages, but not general damages, substantiated by evidence in the record, which could be recovered in a civil action against the defendant for his or her conduct in the commission of a crime considered at sentencing." *See **id.*** The parties agree that the statute does not permit an award of general damages but does permit an award of special damages. *See **State v. Muth***, 2020 WI 65, ¶32, 392 Wis. 2d 578, 945 N.W.2d 645. General damages are "those 'not readily susceptible to direct proof or easily estimable,' and include pain and suffering." *See **State v. Rouse***, 2002 WI App 107, ¶8, 254 Wis. 2d 761, 647 N.W.2d 286 (citation omitted). Special damages within the meaning of § 973.20(5)(a) are "readily ascertainable pecuniary expenditure[s] attributable to the defendant's criminal conduct that could be recovered in any type of civil action." *See **State v. Johnson***, 2005 WI App 201,

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶12, 287 Wis. 2d 381, 704 N.W.2d 625. The parties' dispute focuses on whether the attorney's fees that J.G. seeks are special damages that are recoverable in a civil action and that may therefore be awarded under the statute.

¶6 The State contends that the attorney's fees here could be recovered in a wrongful death action under WIS. STAT. § 895.04, and therefore they are proper components of a restitution award. "The interpretation and application of statutes present questions of law that we review independently." *Muth*, 392 Wis. 2d 578, ¶15. We turn to an examination of § 895.04.

¶7 We look first at WIS. STAT. § 895.04(5). That subsection lists the costs that a decedent's relative may recover in a wrongful death action, and Davis correctly states that the list does not include attorney's fees for estate administration.[3] The State's respondent's brief does not include any discussion of § 895.04(5). We take the State's silence as a tacit concession that attorney's fees for estate administration may not be recovered under § 895.04(5). We accept that concession, because we do not read words that are not there into the text of a statute. *See State v. Fitzgerald*, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165.

¶8 We look next at WIS. STAT. § 895.04(4). Under that subsection, a plaintiff in a wrongful death action may recover "damages for pecuniary injury." *See id.* Citing *Estate of Holt v. State Farm Fire & Casualty Co.*, 151 Wis. 2d 455, 460, 444 N.W.2d 453 (Ct. App. 1989), the State argues that "pecuniary injury" is synonymous with "financial loss" and that estate administration fees constitute a "financial loss" that a plaintiff therefore can recover under this subsection. We

---

[3] WISCONSIN STAT. § 895.04(5), provides that a decedent's relative may recover "the reasonable cost of medical expenses, funeral expenses, including the reasonable cost of a cemetery lot and care of the lot, grave marker or other burial monument, coffin, cremation urn, urn vault, outer burial container, or other article intended for the burial of the dead."

reject the State's premise. Although we broadly construe the term "pecuniary injury," *see id.*, we do not agree that **Estate of Holt** directs us to treat the term so broadly as to render it a synonym for "financial loss." Rather, "[a] 'pecuniary injury' is the loss of any benefit that a beneficiary would have received from the decedent if the decedent had lived. This includes claims for loss of support, contribution, and inheritance." **Petta v. ABC Ins. Co.**, 2005 WI 18, ¶17, 278 Wis. 2d 251, 692 N.W.2d 639 (citation omitted); *see also* **Estate of Holt**, 151 Wis. 2d at 458-59 (agreeing with a party's contention that "pecuniary injury involves a financial loss in amount of support which ensues from a wrongful death").

¶9   Legal fees for estate administration are not a "benefit that [J.G.] would have received from [Daniel] if [Daniel] had lived." *See* **Petta**, 278 Wis. 2d 251, ¶17. Similarly, the fees are not a "financial loss in amount of support" resulting from Daniel's wrongful death. *See* **Estate of Holt**, 151 Wis. 2d at 458-59. Accordingly, we conclude that legal fees for estate administration are not a pecuniary injury within the mean of WIS. STAT. § 895.04(4).

¶10   The State does not suggest that any other subsection of WIS. STAT. § 895.04 might permit recovery of estate administration fees as special damages in a wrongful death action. Nor does the State propose another type of civil action in which J.G. could recover legal fees for estate administration as special damages. Because J.G. could not recover the fees as special damages in a wrongful death action under § 895.04, and because the State does not demonstrate that J.G. could recover the fees as special damages in some other civil action, we conclude that J.G. cannot recover the fees from Davis as restitution. *See* WIS. STAT. § 973.20(5)(a).

¶11    In reaching our conclusion, we are mindful that the policy of this state is to allow victims to recover the losses they incur as a result of a defendant's criminal conduct. *See Muth*, 392 Wis. 2d 578, ¶21. A victim's recovery for any particular item of loss, however, turns on whether the circuit court has statutory authority to award restitution for that loss. *Id.*, ¶15. WISCONSIN STAT. § 973.20 does not authorize the circuit court to include legal fees for estate administration in J.G.'s restitution award. We therefore reverse that part of the judgment and postconviction order awarding J.G. restitution of $2,002.50 for legal fees, and we remand for action consistent with this opinion.

*By the Court.*—Judgment and order affirmed in part, reversed in part, and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.